## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JAMES ASKEW,<br>ANTHONY ARTLEY,<br>SYLVIA ENGLAND,<br>TIMOTHY GAUSE,<br>GWENDOLYN KENNEDY,<br>ALPHONSO ROGERS,<br>WILMA TALLY and<br>DEWAYNE WILLIAMS, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 10-1840 |
| WAUKEGAN PUBLIC SCHOOL<br>DISTRICT 60, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

### COUNT I
### VIOLATION OF ASKEW'S CIVIL RIGHTS UNDER THE AGE
### DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED

The Plaintiff, JAMES ASKEW (hereinafter referred to as "ASKEW"), and

for his complaint against the Defendant, WAUKEGAN PUBLIC SCHOOL

DISTRICT 60 (hereinafter referred to as "DISTRICT 60"), states:

1.  This action is brought for damages sustained by ASKEW by reason

of DISTRICT 60's violation of ASKEW's civil rights under the Age

Discrimination in Employment Act of 1967 29 USC 621 et. seq., as amended.

2.  ASKEW is a citizen of the United States, is a resident of the

Northern District of Illinois and was born on February 12, 1949.

3.     DISTRICT 60 is a public school district located in Waukegan, Illinois which educates students from kindergarten through grade 12. Currently, DISTRICT 60 has twenty five schools including, but not limited to, Waukegan High School.

4.     At all times relevant hereto, DISTRICT 60 was an "employer" within the meaning of the ADEA.

5.     This Court has jurisdiction pursuant to 29 U.S.C. § 1343 and 1331 and 29 U.S.C. § 626 (c)(1).

6.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 since the complained of conduct occurred in this District.

7.     In or about 1973, DISTRICT 60 hired ASKEW as a sixth grade teacher at Andrew Cooke School.

8.     Since 1973, DISTRICT 60 promoted ASKEW to various positions. During the last 12 years of his employment with DISTRICT 60, ASKEW was the physical education, driver's education and health education chair at Waukegan High School.

9.     From 1973 through the 2008-2009 academic year, ASKEW received numerous compliments and favorable performance reviews from his superiors at DISTRICT 60.

10.     At all times relevant hereto, it was the policy of DISTRICT 60 not to discriminate against an employee because of his or her age.

11.     At all times relevant hereto, DISTRICT 60 knew ASKEW's age.

2

12. In July, 2008, Dr. Steven P. Hamlin became the new principal of Waukegan High School.

13. Notwithstanding DISTRICT 60's policy and its knowledge of ASKEW's age, commencing with the hiring of Dr. Hamlin, and continuing through the 2008-2009 academic year, DISTRICT 60 discriminated against ASKEW on the basis of his age by, among other things:

a. Making comments to both ASKEW and to others that ASKEW should retire from Waukegan High School since he was too old for his position of physical education department chair; and

b. Demoting ASKEW from his position of physical education department chair to the position of in-school coordinator and made him responsible for solely handling detention students.

14. DISTRICT 60 has, therefore, discriminated against ASKEW because of his age in violation of his rights under the Age Discrimination in Employment Act of 1967 as amended 29 U.S.C. Section 621, et. seq.

15. On March 24, 2009, ASKEW filed his charge of discrimination with the Equal Employment Opportunity Commission.

16. Pursuant to his requests, on January 13, 2010, the United States Department of Justice issued ASKEW a right to sue letter. A true and correct copy of his notice of right to sue is attached hereto as **Group Exhibit A**.

17. Less than ninety (90) days have expired since ASKEW's receipt of the notice of right to sue issued on January 13 2010.

3

18.     DISTRICT 60's violation of ASKEW's rights under the Age Discrimination in Employment Act of 1967 as amended, has caused ASKEW pecuniary damages.

WHEREFORE, the Plaintiff, JAMES ASKEW requests that this Court enter judgment in his favor and against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 as follows:

i. Enjoining DISTRICT 60 from engaging in such unlawful employment practices as alleged in this complaint;

ii. That ASKEW be made whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by DISTRICT 60;

iii. Awarding ASKEW compensatory and punitive damages in an amount to be determined at trial;

iv. Awarding ASKEW attorney's fees pursuant to the ADEA and pre-judgment interest; and

v. Awarding ASKEW such other relief as this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

## COUNT II
## VIOLATION OF ASKEW'S CIVIL RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

The Plaintiff, JAMES ASKEW (hereinafter referred to as "ASKEW"), and for his complaint against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 (hereinafter referred to as "DISTRICT 60"), states:

1.     This action is brought for damages sustained by ASKEW by reason of DISTRICT 60's violation of his civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2.     ASKEW is a citizen of the United States and is a resident of the Northern District of Illinois.

3.     DISTRICT 60 is a public school district located in Waukegan, Illinois which educates students from kindergarten through grade 12. DISTRICT 60 has twenty five schools including, but not limited to, Waukegan High School.

4.     At all times relevant hereto, DISTRICT 60 was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.     This Court has jurisdiction pursuant to 42 U.S.C § 2000 (e)-5(f)(1) and pursuant to 28 U.S.C. § 1343 and 1331.

6.     Venue is appropriate in this Court pursuant to 42 U.S.C. § 2000 (e)-5(f)(3).

7.     In or about 1973, DISTRICT 60 hired ASKEW as a sixth grade teacher at Cooke School.

8.     Since 1973, DISTRICT 60 promoted ASKEW to various positions. During the last 12 years of his employment with DISTRICT 60, ASKEW was the physical education, driver's education and health education chair at Waukegan High School.

9.     From 1973 through the 2008-2009 academic year, ASKEW received numerous compliments and favorable performance reviews from his superiors at DISTRICT 60.

10.     At all times relevant hereto, it was the policy of DISTRICT 60 not to discriminate against an employee because of his or her race.

11.     At all times relevant hereto, DISTRICT 60 knew that ASKEW was African-American.

12.     In July, 2008, Dr. Steven P. Hamlin became the new principal of Waukegan High School.

13.     Notwithstanding DISTRICT 60's policy and its knowledge of ASKEW's race, commencing in or about September, 2008 and continuing into the 2008-2009 academic year, DISTRICT 60 discriminated against ASKEW on the basis of his race by, among other things:

a.     Dr. Hamlin, knowing that ASKEW was the only African-American Dean at the school, told ASKEW that he should retire from the school and enlisted others to instruct ASKEW to retire from the school; and

6

b. Demoted ASKEW because of his race from physical education, driver's education and health education teacher to the position of in-school coordinator and made him responsible just to handle detention students.

15. DISTRICT 60 has, therefore, discriminated against ASKEW because of his race in violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 (e-2), (a) (1), as amended by the Civil Rights Act of 1991.

16. On March 24, 2009, ASKEW filed his charge of discrimination with the Equal Employment Opportunity Commission pursuant to 42 U.S.C. Section 2000 (e-5) and the regulations issued thereunder.

17. Pursuant to his request, on January 13, 2010, the United States Department of Justice issued ASKEW a right to sue letter. A true and correct copy of this notice of right to sue is attached hereto as **Group Exhibit A**.

18. Less than ninety (90) days have expired since ASKEW's receipt of the notice of right to sue issued on January 13, 2010.

19. DISTRICT 60's violation of ASKEW's rights under Title VII Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused ASKEW pecuniary damages.

WHEREFORE, the Plaintiff, JAMES ASKEW requests that this Court enter judgment in his favor and against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 as follows:

7

i. Enjoining DISTRICT 60 from engaging in such unlawful employment practices as alleged in this complaint;

ii. That ASKEW be made whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by DISTRICT 60;

iii. Awarding ASKEW compensatory and punitive damages in an amount to be determined at trial;

iv. Awarding ASKEW attorney's fees pursuant to 42 U.S.C. § 2000(e)-5(k) and pre-judgment interest; and

v. Awarding ASKEW such other relief as this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

### COUNT III
### VIOLATION OF GAUSE'S CIVIL RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

The Plaintiff, TIMOTHY GAUSE (hereinafter referred to as "GAUSE"), and for his complaint against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 (hereinafter referred to as "DISTRICT 60"), states:

1. This action is brought for damages sustained by GAUSE by reason of DISTRICT 60's violation of his civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

8

2.     GAUSE is a citizen of the United States and is a resident of the Northern District of Illinois.

3.     DISTRICT 60 is a public school district located in Waukegan, Illinois which educates students from kindergarten through grade 12. DISTRICT 60 has twenty five schools including, but not limited to, Waukegan High School.

4.     At all times relevant hereto, DISTRICT 60 was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.     This Court has jurisdiction pursuant to 42 U.S.C § 2000 (e)-5(f)(1) and pursuant to 28 U.S.C. § 1343 and 1331.

6.     Venue is appropriate in this Court pursuant to 42 U.S.C. § 2000 (e)-5(f)(3).

7.     In or about 1998, GAUSE was hired by DISTRICT 60 as a teacher at Daniel Webster Middle School.

8.     Since 1998, GAUSE received various promotions such that in or about 2005, he was promoted to the position of Dean of Students at Waukegan High School.

9.     GAUSE remained in that position through the 2008-2009 school year.

10.     At all times relevant hereto, it was the policy of DISTRICT 60 not to discriminate against an employee because of his or her race.

11.    At all times relevant hereto, DISTRICT 60 knew that GAUSE was African-American.

12.    In July, 2008, Dr. Steven P. Hamlin became the new principal of Waukegan High School.

13.    Notwithstanding DISTRICT 60's policy and its knowledge of GAUSE's race, commencing in or about September, 2008 and continuing to present, DISTRICT 60 discriminated against GAUSE on the basis of his race when it failed to hire him to the position of House Principal and instead, demoted him to the position of classroom instructor at Thomas Jefferson Middle School.

15.    DISTRICT 60 has, therefore, discriminated against GAUSE because of his race in violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 (e-2), (a) (1), as amended by the Civil Rights Act of 1991.

16.    On May 15, 2009, GAUSE filed his charge of discrimination with the Equal Employment Opportunity Commission pursuant to 42 U.S.C. Section 2000 (e-5) and the regulations issued thereunder.

17.    Pursuant to his request, on January 13, 2010, the United States Department of Justice issued GAUSE a right to sue letter. A true and correct copy of this notice of right to sue is attached hereto as **Exhibit B.**

18.    Less than ninety (90) days have expired since GAUSE's receipt of the notice of right to sue issued on January 13, 2010.

19.     DISTRICT 60's violation of GAUSE's rights under Title VII Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused GAUSE pecuniary damages.

WHEREFORE, the Plaintiff, TIMOTHY GAUSE requests that this Court enter judgment in his favor and against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 as follows:

i. Enjoining DISTRICT 60 from engaging in such unlawful employment practices as alleged in this complaint;

ii. That GAUSE be made whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by DISTRICT 60;

iii. Awarding GAUSE compensatory and punitive damages in an amount to be determined at trial;

iv. Awarding GAUSE attorney's fees pursuant to 42 U.S.C. § 2000(e)-5(k) and pre-judgment interest; and

v. Awarding GAUSE such other relief as this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

11

**COUNT IV**
**VIOLATION OF KENNEDY'S CIVIL RIGHTS UNDER TITLE VII OF**
**THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL**
**RIGHTS ACT OF 1991**

The Plaintiff, GWENDOLYN KENNEDY (hereinafter referred to as "KENNEDY"), and for her complaint against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 (hereinafter referred to as "DISTRICT 60"), states:

1.    This action is brought for damages sustained by KENNEDY by reason of DISTRICT 60's violation of her civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2.    KENNEDY is a citizen of the United States and is a resident of the Northern District of Illinois.

3.    DISTRICT 60 is a public school district located in Waukegan, Illinois which educates students from kindergarten through grade 12. DISTRICT 60 has twenty five schools including, but not limited to, Waukegan High School.

4.    At all times relevant hereto, DISTRICT 60 was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.    This Court has jurisdiction pursuant to 42 U.S.C § 2000 (e)-5(f)(1) and pursuant to 28 U.S.C. § 1343 and 1331.

6.    Venue is appropriate in this Court pursuant to 42 U.S.C. § 2000 (e)-5(f)(3).

7.     In or about September 1995, KENNEDY was hired by DISTRICT 60 as a Library Technician.

8.     In the 1996-1997 school year, DISTRICT 60 promoted KENNEDY to the position of School Store Clerk.

9.     Since September 1995, KENNEDY received numerous compliments and favorable performance reviews from her superiors at DISTRICT 60.

10.     At all times relevant hereto, it was the policy of DISTRICT 60 not to discriminate against an employee because of his or her race.

11.     At all times relevant hereto, DISTRICT 60 knew that KENNEDY was African-American.

12.     In July, 2008, Dr. Steven P. Hamlin became the new principal of Waukegan High School.

13.     Notwithstanding DISTRICT 60's policy and its knowledge of KENNEDY's race, commencing in or about December, 2008 and continuing through 2009, DISTRICT 60 discriminated against KENNEDY on the basis of her race by, among other things:

     a.     Falsely accusing her of theft, suspending her and recommending that she be discharged in February, 2009 even though the investigation revealed no evidence of theft on her part.

14.     DISTRICT 60 has, therefore, discriminated against KENNEDY because of her race in violation of her rights under Title VII of the Civil Rights

Act of 1964, 42 U.S.C. Section 2000 (e-2), (a) (1), as amended by the Civil Rights Act of 1991.

15. On April 30, 2009, KENNEDY filed her charge of discrimination with the Equal Employment Opportunity Commission pursuant to 42 U.S.C. Section 2000 (e-5) and the regulations issued thereunder.

16. Pursuant to her request, on January 13, 2010, the United States Department of Justice issued KENNEDY a right to sue letter. A true and correct copy of this notice of right to sue is attached hereto as **Exhibit C.**

17. Less than ninety (90) days have expired since KENNEDY's receipt of the notice of right to sue issued on January 13, 2010.

18. DISTRICT 60's violation of KENNEDY's rights under Title VII Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused KENNEDY pecuniary damages.

WHEREFORE, the Plaintiff, GWENDOLYN KENNEDY requests that this Court enter judgment in her favor and against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 as follows:

i. Enjoining DISTRICT 60 from engaging in such unlawful employment practices as alleged in this complaint;

ii. That KENNEDY be made whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by DISTRICT 60;

14

iii.     Awarding KENNEDY compensatory and punitive damages in an amount to be determined at trial;

iv.     Awarding KENNEDY attorney's fees pursuant to 42 U.S.C. § 2000(e)-5(k) and pre-judgment interest; and

v.     Awarding KENNEDY such other relief as this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

## COUNT V
## VIOLATION OF ARTLEY'S CIVIL RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

The Plaintiff, ANTHONY ARTLEY (hereinafter referred to as "ARTLEY"), and for his complaint against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 (hereinafter referred to as "DISTRICT 60"), states:

1.     This action is brought for damages sustained by ARTLEY by reason of DISTRICT 60's violation of his civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2.     ARTLEY is a citizen of the United States and is a resident of the Northern District of Illinois.

3.     DISTRICT 60 is a public school district located in Waukegan, Illinois which educates students from kindergarten through grade 12. DISTRICT 60 has twenty five schools including, but not limited to, Waukegan High School.

15

4.     At all times relevant hereto, DISTRICT 60 was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.     This Court has jurisdiction pursuant to 42 U.S.C § 2000 (e)-5(f)(1) and pursuant to 28 U.S.C. § 1343 and 1331.

6.     Venue is appropriate in this Court pursuant to 42 U.S.C. § 2000 (e)-5(f)(3).

7.     In or about February, 1998, ARTLEY was hired by DISTRICT 60 as a security officer at Waukegan High School.

8.     Since February, 1998, ARTLEY received numerous compliments and favorable performance reviews from his superiors at DISTRICT 60.

9.     At all times relevant hereto, it was the policy of DISTRICT 60 not to discriminate against an employee because of his or her race.

10.     At all times relevant hereto, DISTRICT 60 knew that ARTLEY was African-American.

11.     In July, 2008, Dr. Steven P. Hamlin became the new principal of Waukegan High School.

12.     Notwithstanding DISTRICT 60's policy and its knowledge of ARTLEY's race, commencing in or about June 23, 2008 and continuing through January 28, 2009, DISTRICT 60 discriminated against ARTLEY on the basis of his race by, among other things:

a.   Falsely accusing him of theft, having him arrested, suspending him, having him indicted and eventually discharging him on August 12, 2008; and

b.   Failing to recall him back to work after he had been cleared of all charges lodged against him on February 17, 2009 even though non-African-American employees were able to return to work.

13.   DISTRICT 60 has, therefore, discriminated against ARTLEY because of his race in violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 (e-2), (a) (1), as amended by the Civil Rights Act of 1991.

14.   On March 31, 2009, ARTLEY filed his charge of discrimination with the Equal Employment Opportunity Commission pursuant to 42 U.S.C. Section 2000 (e-5) and the regulations issued thereunder.

15.   Pursuant to his request, on January 13, 2010, the United States Department of Justice issued ARTLEY a right to sue letter. A true and correct copy of this notice of right to sue is attached hereto as **Exhibit D**.

16.   Less than ninety (90) days have expired since ARTLEY's receipt of the notice of right to sue issued on January 13, 2010.

17.   DISTRICT 60's violation of ARTLEY's rights under Title VII Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused ARTLEY pecuniary damages.

WHEREFORE, the Plaintiff, ANTHONY ARTLEY requests that this Court enter judgment in his favor and against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 as follows:

i. Enjoining DISTRICT 60 from engaging in such unlawful employment practices as alleged in this complaint;

ii. That ARTLEY be made whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by DISTRICT 60;

iii. Awarding ARTLEY compensatory and punitive damages in an amount to be determined at trial;

iv. Awarding ARTLEY attorney's fees pursuant to 42 U.S.C. § 2000(e)-5(k) and pre-judgment interest; and

v. Awarding ARTLEY such other relief as this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

## COUNT VI
## VIOLATION OF WILLIAMS' CIVIL RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

The Plaintiff, DEWAYNE WILLIAMS (hereinafter referred to as "WILLIAMS"), and for his complaint against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 (hereinafter referred to as "DISTRICT 60"), states:

18

1.     This action is brought for damages sustained by WILLIAMS by reason of DISTRICT 60's violation of his civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2.     WILLIAMS is a citizen of the United States and is a resident of the Northern District of Illinois.

3.     DISTRICT 60 is a public school district located in Waukegan, Illinois which educates students from kindergarten through grade 12. DISTRICT 60 has twenty five schools including, but not limited to, Waukegan High School.

4.     At all times relevant hereto, DISTRICT 60 was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.     This Court has jurisdiction pursuant to 42 U.S.C § 2000 (e)-5(f)(1) and pursuant to 28 U.S.C. § 1343 and 1331.

6.     Venue is appropriate in this Court pursuant to 42 U.S.C. § 2000 (e)-5(f)(3).

7.     In or about September, 1993, WILLIAMS was hired by DISTRICT 60 as a security officer at Waukegan High School.

8.     In or about 2000 DISTRICT 60 promoted WILLIAMS to the position of Supervisor of Safety and Security for all Waukegan schools.

9.     Since September, 1993, WILLIAMS received numerous compliments and favorable performance reviews from his superiors at DISTRICT 60.

10.     At all times relevant hereto, it was the policy of DISTRICT 60 not to discriminate against an employee because of his or her race.

11.     At all times relevant hereto, DISTRICT 60 knew that WILLIAMS was African-American.

12.     In July, 2008, Dr. Steven P. Hamlin became the new principal of Waukegan High School.

13.     Notwithstanding DISTRICT 60's policy and its knowledge of WILLIAMS' race, commencing on or about June 23, 2008 and continuing through January 28, 2009, DISTRICT 60 discriminated against WILLIAMS on the basis of his race by, among other things:

        a.     Falsely accusing him of theft, having him arrested, suspending him, having him indicted and eventually discharging him on August 12, 2008 on the basis of his race;

        b.     Failing to recall him back to work after he had been cleared of all charges lodged against him on February 17, 2009 even though non-African-American employees were able to return to work.

14.     DISTRICT 60 has, therefore, discriminated against WILLIAMS because of his race in violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 (e-2), (a) (1), as amended by the Civil Rights Act of 1991.

15.    On March 20, 2009, WILLIAMS filed his charge of discrimination with the Equal Employment Opportunity Commission pursuant to 42 U.S.C. Section 2000 (e-5) and the regulations issued thereunder.

16.    Pursuant to his request, on January 13, 2010, the United States Department of Justice issued WILLIAMS a right to sue letter. A true and correct copy of this notice of right to sue is attached hereto as **Exhibit E**.

17.    Less than ninety (90) days have expired since WILLIAMS' receipt of the notice of right to sue issued on January 13, 2010.

18.    DISTRICT 60's violation of WILLIAMS' rights under Title VII Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused WILLIAMS pecuniary damages.

WHEREFORE, the Plaintiff, DEWAYNE WILLIAMS requests that this Court enter judgment in his favor and against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 as follows:

i. Enjoining DISTRICT 60 from engaging in such unlawful employment practices as alleged in this complaint;

ii. That WILLIAMS be made whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by DISTRICT 60;

iii. Awarding WILLIAMS compensatory and punitive damages in an amount to be determined at trial;

iv. Awarding WILLIAMS attorney's fees pursuant to 42 U.S.C. § 2000(e)-5(k) and pre-judgment interest; and

v. Awarding WILLIAMS such other relief as this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY**.

<u>**COUNT VII**</u>
<u>**VIOLATION OF TALLY'S CIVIL RIGHTS UNDER TITLE VII OF THE**</u>
<u>**CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS**</u>
<u>**ACT OF 1991**</u>

The Plaintiff, WILMA TALLY (hereinafter referred to as "TALLY"), and for her complaint against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 (hereinafter referred to as "DISTRICT 60"), states:

1. This action is brought for damages sustained by TALLY by reason of DISTRICT 60's violation of her civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2. TALLY is a citizen of the United States and is a resident of the Northern District of Illinois.

3. DISTRICT 60 is a public school district located in Waukegan, Illinois which educates students from kindergarten through grade 12. DISTRICT 60 has twenty five schools including, but not limited to, Waukegan High School.

4. At all times relevant hereto, DISTRICT 60 was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.     This Court has jurisdiction pursuant to 42 U.S.C § 2000 (e)-5(f)(1) and pursuant to 28 U.S.C. § 1343 and 1331.

6.     Venue is appropriate in this Court pursuant to 42 U.S.C. § 2000 (e)-5(f)(3).

7.     In or about April 1999, TALLY was hired by DISTRICT 60 as a security officer at Waukegan High School.

8.     In or about 2001, DISTRICT 60 promoted TALLY to the position of Security Supervisor for all Waukegan schools.

9.     Since April 1999, TALLY received numerous compliments and favorable performance reviews from her superiors at DISTRICT 60.

10.     At all times relevant hereto, it was the policy of DISTRICT 60 not to discriminate against an employee because of his or her race.

11.     At all times relevant hereto, DISTRICT 60 knew that TALLY was African-American.

12.     In July, 2008, Dr. Steven P. Hamlin became the new principal of Waukegan High School.

13.     Notwithstanding DISTRICT 60's policy and its knowledge of TALLY's race, commencing in or about July or August, 2008 and continuing through 2009, DISTRICT 60 discriminated against TALLY on the basis of her race by, among other things:

a. In or about July or August, 2008, TALLY was advised that her position was being eliminated and she was denied the ability to apply for other security positions whereas Caucasian employees were allowed to do so.

b. Demoting her in or about July, 2008 to the position of school security officer at Jack Benny Middle School.

14. DISTRICT 60 has, therefore, discriminated against TALLY because of her race in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 (e-2), (a) (1), as amended by the Civil Rights Act of 1991.

15. On May 15, 2009, TALLY filed her charge of discrimination with the Equal Employment Opportunity Commission pursuant to 42 U.S.C. Section 2000 (e-5) and the regulations issued thereunder.

16. Pursuant to her request, on January 13, 2010, the United States Department of Justice issued TALLY a right to sue letter. A true and correct copy of this notice of right to sue is attached hereto as **Exhibit F**.

17. Less than ninety (90) days have expired since TALLY's receipt of the notice of right to sue issued on January 13, 2010.

18. DISTRICT 60's violation of TALLY's rights under Title VII Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused TALLY pecuniary damages.

24

WHEREFORE, the Plaintiff, WILMA TALLY requests that this Court enter judgment in her favor and against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 as follows:

i. Enjoining DISTRICT 60 from engaging in such unlawful employment practices as alleged in this complaint;

ii. That TALLY be made whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by DISTRICT 60;

iii. Awarding TALLY compensatory and punitive damages in an amount to be determined at trial;

iv. Awarding TALLY attorney's fees pursuant to 42 U.S.C. § 2000(e)-5(k) and pre-judgment interest; and

v. Awarding TALLY such other relief as this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY**.

## COUNT VIII
## VIOLATION OF TALLY'S CIVIL RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

The Plaintiff, WILMA TALLY (hereinafter referred to as "TALLY"), and for her complaint against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 (hereinafter referred to as "DISTRICT 60"), states:

1.     This action is brought for damages sustained by TALLY by reason of DISTRICT 60's violation of her civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2.     TALLY is a citizen of the United States and is a resident of the Northern District of Illinois.

3.     DISTRICT 60 is a public school district located in Waukegan, Illinois which educates students from kindergarten through grade 12. DISTRICT 60 has twenty five schools including, but not limited to, Waukegan High School.

4.     At all times relevant hereto, DISTRICT 60 was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.     This Court has jurisdiction pursuant to 42 U.S.C § 2000 (e)-5(f)(1) and pursuant to 28 U.S.C. § 1343 and 1331.

6.     Venue is appropriate in this Court pursuant to 42 U.S.C. § 2000 (e)-5(f)(3).

7.     In or about April 1999, TALLY was hired by DISTRICT 60 as a security officer at Waukegan High School.

8.     In or about 2001, DISTRICT 60 promoted TALLY to the position of Security Supervisor for all Waukegan schools.

9.     Since April 1999, TALLY received numerous compliments and favorable performance reviews from her superiors at DISTRICT 60.

10.     At all times relevant hereto, it was the policy of DISTRICT 60 not to discriminate against an employee because of his or her sex.

11.     At all times relevant hereto, DISTRICT 60 knew that TALLY was a female.

12.     In July, 2008, Dr. Steven P. Hamlin became the new principal of Waukegan High School.

13.     Notwithstanding DISTRICT 60's policy and its knowledge of TALLY's sex, commencing in or about July or August, 2008 and continuing through 2009, DISTRICT 60 discriminated against TALLY on the basis of her sex by, among other things:

a.     In or about July 2008, she was advised that her position was being eliminated and she was denied the ability to apply for other security positions whereas similarly situated male employees were allowed to do so.

14.     DISTRICT 60 has, therefore, discriminated against TALLY because of her sex in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 (e-2), (a) (1), as amended by the Civil Rights Act of 1991.

15.     On May 15, 2009, TALLY filed her charge of discrimination with the Equal Employment Opportunity Commission pursuant to 42 U.S.C. Section 2000 (e-5) and the regulations issued thereunder.

16.     Pursuant to her request, on January 13, 2010, the United States Department of Justice issued TALLY a right to sue letter. A true and correct copy of this notice of right to sue is attached hereto as **Exhibit F**.

27

17.     Less than ninety (90) days have expired since TALLY's receipt of the notice of right to sue issued on January 13, 2010.

18.     DISTRICT 60's violation of TALLY's rights under Title VII Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused TALLY pecuniary damages.

WHEREFORE, the Plaintiff, WILMA TALLY requests that this Court enter judgment in her favor and against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 as follows:

i.  Enjoining DISTRICT 60 from engaging in such unlawful employment practices as alleged in this complaint;

ii. That TALLY be made whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by DISTRICT 60;

iii. Awarding TALLY compensatory and punitive damages in an amount to be determined at trial;

iv. Awarding TALLY attorney's fees pursuant to 42 U.S.C. § 2000(e)-5(k) and pre-judgment interest; and

v. Awarding TALLY such other relief as this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

## COUNT IX
## VIOLATION OF ROGERS' CIVIL RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

The Plaintiff, ALPHONSO ROGERS (hereinafter referred to as "ROGERS"), and for his complaint against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 (hereinafter referred to as "DISTRICT 60"), states:

1.     This action is brought for damages sustained by ROGERS by reason of DISTRICT 60's violation of his civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2.     ROGERS is a citizen of the United States and is a resident of the Northern District of Illinois.

3.     DISTRICT 60 is a public school district located in Waukegan, Illinois which educates students from kindergarten through grade 12. DISTRICT 60 has twenty five schools including, but not limited to, Waukegan High School.

4.     At all times relevant hereto, DISTRICT 60 was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.     This Court has jurisdiction pursuant to 42 U.S.C § 2000 (e)-5(f)(1) and pursuant to 28 U.S.C. § 1343 and 1331.

6.     Venue is appropriate in this Court pursuant to 42 U.S.C. § 2000 (e)-5(f)(3).

7.     On or about January 25, 1985, ROGERS was hired by DISTRICT 60 as a truant officer at Waukegan East High School.

8.     Since January 25, 1985, DISTRICT 60 promoted ROGERS to various positions including to his most recent position as Director of Security for all Waukegan schools.

9.     Since January 25, 1985, ROGERS received numerous compliments and favorable performance reviews from his superiors at DISTRICT 60.

10.    At all times relevant hereto, it was the policy of DISTRICT 60 not to discriminate against an employee because of his or her race.

11.    At all times relevant hereto, DISTRICT 60 knew that ROGERS was African-American.

12.    In July, 2008, Dr. Steven P. Hamlin became the new principal of Waukegan High School.

13.    Notwithstanding DISTRICT 60's policy and its knowledge of ROGERS' race, commencing in or about April, 2007 and continuing through June, 2009, DISTRICT 60 discriminated against ROGERS on the basis of his race by, among other things:

        a.    Suspending him on February 13, 2008 until June 25, 2008 since certain subordinates working under him were accused of wrongdoing even though non-African-American Directors whose subordinates may have been accused of wrongdoing were not suspended whatsoever;

30

b. Between July, 2008 and August 27, 2008, having certain terms and conditions of employment changed solely because of his race including taking away (i) his budgetary responsibilities, (ii) his office, (iii) his car, (iv) his set of duties and (v) his general responsibilities as a Director;

c. Issuing him a letter of reprimand on August 27, 2008 where the circumstances warranted that ROGERS receive a letter of commendation; and

d. Discharging him on June 30, 2009 while similarly situated non-African-Americans were retained.

14. DISTRICT 60 has, therefore, discriminated against ROGERS because of his race in violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 (e-2), (a) (1), as amended by the Civil Rights Act of 1991.

15. On April 15, 2009 and October 30, 2009, ROGERS filed his charges of discrimination with the Equal Employment Opportunity Commission pursuant to 42 U.S.C. Section 2000 (e-5) and the regulations issued thereunder.

16. Pursuant to his request, on January 13, 2010, the United States Department of Justice issued ROGERS a right to sue letter. A true and correct copy of this notice of right to sue is attached hereto as **Exhibit G**.

17. Less than ninety (90) days have expired since ROGERS' receipt of the notice of right to sue issued on January 13, 2010.

18.     DISTRICT 60's violation of ROGERS' rights under Title VII Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused ROGERS pecuniary damages.

WHEREFORE, the Plaintiff, ALPHONSO ROGERS requests that this Court enter judgment in his favor and against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 as follows:

i.  Enjoining DISTRICT 60 from engaging in such unlawful employment practices as alleged in this complaint;

ii.  That ROGERS be made whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by DISTRICT 60;

iii. Awarding ROGERS compensatory and punitive damages in an amount to be determined at trial;

iv. Awarding ROGERS attorney's fees pursuant to 42 U.S.C. § 2000(e)-5(k) and pre-judgment interest; and

v.  Awarding ROGERS such other relief as this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY**.

## COUNT X
## VIOLATION OF ROGERS' CIVIL RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

The Plaintiff, ALPHONSO ROGERS (hereinafter referred to as "ROGERS"), and for his complaint against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 (hereinafter referred to as "DISTRICT 60"), states:

1.     This action is brought for damages sustained by ROGERS by reason of DISTRICT 60's violation of his civil rights under Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2.     ROGERS is a citizen of the United States and is a resident of the Northern District of Illinois.

3.     ROGERS has been employed by DISTRICT 60 since January 25, 1985.

4.     DISTRICT 60 is a public school district located in Waukegan, Illinois which educates students from kindergarten through grade 12.  Currently, DISTRICT 60 has twenty five schools including, but not limited to, Waukegan High School.

5.     At all times relevant hereto, DISTRICT 60 was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

6.      This Court has jurisdiction pursuant to 42 U.S.C § 2000 (e)-5(f)(1) and pursuant to 28 U.S.C. § 1343 and 1331.

7.      Venue is appropriate in this Court pursuant to 42 U.S.C. § 2000 (e)-5(f)(3).

8.      On or about January 25, 1985 , DISTRICT 60 hired ROGERS as a truant officer at Waukegan East High School.

9.      Since January 25, 1985, DISTRICT 60 promoted ROGERS to various position including his most recent position as Director of Security for all Waukegan schools.

10.     Since January 25, 1985, ROGERS received numerous compliments and favorable performance reviews from his superiors at DISTRICT 60.

11.     Commencing in or about April, 2007, ROGERS was denied promotion to various positions on the basis of his race (African American).

12.     By virtue of DISTRICT 60's discrimination, on April 15, 2009 and on October 30, 2009, ROGERS filed charges of discrimination with the Equal Employment Opportunity Commission.  True and correct copies of these charges are attached hereto as **Group Exhibit H**.

13.     At all times relevant hereto, it was the policy of DISTRICT 60 not to discriminate against an employee on the basis of his or her race, sex or age and not to retaliate against an employee because he or she filed a charge of discrimination with the Equal Employment Opportunity Commission.

14.     Notwithstanding DISTRICT 60's policy, commencing in or about April, 2009, DISTRICT 60 retaliated against ROGERS for filing his charge of discrimination by discharging him on or about June 30, 2009 for filing his charge of discrimination with the EEOC on April 15, 2009.

15.     DISTRICT 60 has, therefore, violated § 704(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e-3)(a) by discriminating against ROGERS because he opposed various practices which constituted unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964.

16.     DISTRICT 60's above-mentioned conduct was undertaken with conscious or reckless indifference to ROGERS' rights under § 704(a) of Title VII of the Civil Rights Act of 1964.

17.     On October 30, 2009, pursuant to 42 U.S.C. § 2000 (e)-5 and the regulations issued thereunder, ROGERS filed a complaint of employment discrimination with the Equal Employment Opportunity Commission.

18.     On January 13, 2010, the United States Department of Justice issued ROGERS a Notice of Right to Sue.  A true and correct copy of this notice is attached hereto as **Exhibit G.**

19.     Less than ninety (90) days have expired since ROGERS' receipt of the notice of right to sue issued January 13, 2010.

20.     DISTRICT 60's violations of ROGERS' civil rights have caused him pecuniary damages.

WHEREFORE, the Plaintiff, ALPHONSO ROGERS, requests that this Court enter judgment in his favor and against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60, as follows:

i. Enjoining DISTRICT 60 from engaging in such unlawful employment practices as alleged in this complaint;

ii. That ROGERS be made whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by DISTRICT 60;

iii. Awarding ROGERS compensatory and punitive damages in an amount to be determined at trial;

iv. Awarding ROGERS attorney's fees pursuant to 42 U.S.C. § 2000(e)-5(k) and pre-judgment interest; and

v. Awarding ROGERS such other relief as this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

## COUNT XI
## BREACH OF CONTRACT

The Plaintiff, ALPHONSO ROGERS (hereinafter referred to as "ROGERS"), and for his complaint against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 (hereinafter referred to as "DISTRICT 60"), states:

1.     This Court has supplemental jurisdiction over this cause of action pursuant to 28 USC Section 1367.

2.-5.   Plaintiff repeats, realleges and incorporates by reference Paragraphs 2, 3, 7 and 8 of Count X as Paragraphs 2 through 5 of Count XI.

6.     Pursuant to ROGERS' contract with DISTRICT 60, he was entitled to a salary plus 12 sick days per year which accumulated if they were not used during a given year.

7.     On June 30, 2009, ROGERS was advised that his position of Director of Security had been eliminated.

8.     As of that time, ROGERS had accumulated 45 sick days with DISTRICT 60.

9.     Notwithstanding its obligations under the employment with ROGERS, DISTRICT 60 breached that agreement by failing to pay him for the forty (40) sick days and five (5) sick days that he had accrued. A true and correct copy of ROGERS' letter requesting that payment is attached hereto as **Exhibit I**.

10.    ROGERS send this letter to DISTRICT 60 more than three (3) days before he initiated suit against DISTRICT 60.

11.    Prior to DISTRICT 60's inexplicable breach of this agreement, ROGERS fulfilled all of his obligations and responsibilities under the employment agreement with DISTRICT 60.

12. As a direct and proximate result of DISTRICT 60's breach of ROGERS' employment agreement, ROGERS has been damaged in an amount of at least $9,616.44.

13. Notwithstanding ROGERS' demands therefore, DISTRICT 60 has refused and continues to refuse to pay ROGERS the appropriate monies that are due him.

14. DISTRICT 60's failure to pay ROGERS these monies was wilful since it clearly knew its obligations under the employment contract with ROGERS and it consciously disregarded those obligations in refusing to pay him his vacation days and sick days.

WHEREFORE, the Plaintiff, ALPHONSO ROGERS, requests that this Court enter judgment in his favor and against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 in the amount of at least $9,616.44 plus costs, prejudgment interest, attorney's fees and whatever further relief this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY**.

## COUNT XII
## VIOLATION OF ENGLAND'S CIVIL RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

The Plaintiff, SYLVIA ENGLAND (hereinafter referred to as "ENGLAND"), and for her complaint against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 (hereinafter referred to as "DISTRICT 60"), states:

1.      This action is brought for damages sustained by ENGLAND by reason of DISTRICT 60's violation of her civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2.      ENGLAND is a citizen of the United States and is a resident of the Northern District of Illinois.

3.      DISTRICT 60 is a public school district located in Waukegan, Illinois which educates students from kindergarten through grade 12. DISTRICT 60 has twenty five schools including, but not limited to, Waukegan High School.

4.      At all times relevant hereto, DISTRICT 60 was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.      This Court has jurisdiction pursuant to 42 U.S.C § 2000 (e)-5(f)(1) and pursuant to 28 U.S.C. § 1343 and 1331.

6.      Venue is appropriate in this Court pursuant to 42 U.S.C. § 2000 (e)-5(f)(3).

7.     In or about August, 1979, ENGLAND was hired by DISTRICT 60 as a teacher at Waukegan High School.

8.     Since August, 1979, DISTRICT 60 promoted ENGLAND to various positions.

9.     Since August, 1979, ENGLAND received numerous compliments and favorable performance reviews from her superiors at DISTRICT 60.

10.    At all times relevant hereto, it was the policy of DISTRICT 60 not to discriminate against an employee because of his or her race.

11.    At all times relevant hereto, DISTRICT 60 knew that ENGLAND was African-American.

12.    In July, 2008, Dr. Steven P. Hamlin became the new principal of Waukegan High School.

13.    Notwithstanding DISTRICT 60's policy and its knowledge of ENGLAND's race, commencing in or about July, 2008 and continuing to present, DISTRICT 60 discriminated against ENGLAND on the basis of her race by, among other things:

a.    Demoting ENGLAND from Associate Principal at Waukegan High School to teacher at H.R. McCall Elementary School;

b.    Precluding ENGLAND for applying for the position of Associate Principal;

40

c. Failing to hire ENGLAND as the Principal at Andrew Cooke Magnet School even though she was more qualified than the Caucasian who received the position.

14. DISTRICT 60 has, therefore, discriminated against ENGLAND because of her race in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 (e-2), (a) (1), as amended by the Civil Rights Act of 1991.

15. On April 24, 2009, ENGLAND filed her charge of discrimination with the Equal Employment Opportunity Commission pursuant to 42 U.S.C. Section 2000 (e-5) and the regulations issued thereunder.

16. Pursuant to her request, on January 15, 2010, the United States Department of Justice issued ENGLAND a right to sue letter. A true and correct copy of this notice of right to sue is attached hereto as part of **Group Exhibit J**.

17. Less than ninety (90) days have expired since ENGLAND's receipt of the notice of right to sue issued on January 15, 2010.

18. DISTRICT 60's violation of ENGLAND's rights under Title VII Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused ENGLAND pecuniary damages.

WHEREFORE, the Plaintiff, SYLVIA ENGLAND requests that this Court enter judgment in her favor and against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 as follows:

41

i. Enjoining DISTRICT 60 from engaging in such unlawful employment practices as alleged in this complaint;

ii. That ENGLAND be made whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by DISTRICT 60;

iii. Awarding ENGLAND compensatory and punitive damages in an amount to be determined at trial;

iv. Awarding ENGLAND attorney's fees pursuant to 42 U.S.C. § 2000(e)-5(k) and pre-judgment interest; and

v. Awarding ENGLAND such other relief as this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

## COUNT XIII
## VIOLATION OF ENGLAND'S CIVIL RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991

The Plaintiff, SYLVIA ENGLAND (hereinafter referred to as "ENGLAND"), and for her complaint against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 (hereinafter referred to as "DISTRICT 60"), states:

1. This action is brought for damages sustained by ENGLAND by reason of DISTRICT 60's violation of her civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2.      ENGLAND is a citizen of the United States and is a resident of the Northern District of Illinois.

3.      DISTRICT 60 is a public school district located in Waukegan, Illinois which educates students from kindergarten through grade 12. DISTRICT 60 has twenty five schools including, but not limited to, Waukegan High School.

4.      At all times relevant hereto, DISTRICT 60 was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.      This Court has jurisdiction pursuant to 42 U.S.C § 2000 (e)-5(f)(1) and pursuant to 28 U.S.C. § 1343 and 1331.

6.      Venue is appropriate in this Court pursuant to 42 U.S.C. § 2000 (e)-5(f)(3).

7.      In or about August, 1979, ENGLAND was hired by DISTRICT 60 as a teacher at Waukegan High School.

8.      Since August, 1979, DISTRICT 60 promoted ENGLAND to various positions.

9.      Since August, 1979, ENGLAND received numerous compliments and favorable performance reviews from her superiors at DISTRICT 60.

10.      At all times relevant hereto, it was the policy of DISTRICT 60 not to discriminate against an employee because of his or her sex.

11.      At all times relevant hereto, DISTRICT 60 knew that ENGLAND was a female.

43

12. In July, 2008, Dr. Steven P. Hamlin became the new principal of Waukegan High School.

13. Notwithstanding DISTRICT 60's policy and its knowledge of ENGLAND's sex, commencing in or about July, 2009 and continuing to present, DISTRICT 60 discriminated against ENGLAND on the basis of her sex by, among other things:

a. Demoting ENGLAND from Associate Principal at Waukegan High School to teacher at H.R. McCall Elementary School; and

b. Precluding ENGLAND for applying for the position of Associate Principal.

14. DISTRICT 60 has, therefore, discriminated against ENGLAND because of her sex in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 (e-2), (a) (1), as amended by the Civil Rights Act of 1991.

15. On April 24, 2009, ENGLAND filed her charge of discrimination with the Equal Employment Opportunity Commission pursuant to 42 U.S.C. Section 2000 (e-5) and the regulations issued thereunder.

16. Pursuant to her request, on January 15, 2010, the United States Department of Justice issued ENGLAND a right to sue letter. A true and correct copy of this notice of right to sue is attached hereto as part of **Group Exhibit J**.

17. Less than ninety (90) days have expired since ENGLAND's receipt of the notice of right to sue issued on January 15, 2010.

44

18.    DISTRICT 60's violation of ENGLAND's rights under Title VII Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused ENGLAND pecuniary damages.

WHEREFORE, the Plaintiff, SYLVIA ENGLAND requests that this Court enter judgment in her favor and against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 as follows:

i.    Enjoining DISTRICT 60 from engaging in such unlawful employment practices as alleged in this complaint;

ii.    That ENGLAND be made whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by DISTRICT 60;

iii. Awarding ENGLAND compensatory and punitive damages in an amount to be determined at trial;

iv. Awarding ENGLAND attorney's fees pursuant to 42 U.S.C. § 2000(e)-5(k) and pre-judgment interest; and

v.    Awarding ENGLAND such other relief as this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

## COUNT XIV
## VIOLATION OF ENGLAND'S CIVIL RIGHTS UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED

The Plaintiff, SYLVIA ENGLAND (hereinafter referred to as "ENGLAND"), and for her complaint against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 (hereinafter referred to as "DISTRICT 60"), states:

1.      This action is brought for damages sustained by ENGLAND by reason of DISTRICT 60's violation of ENGLAND's civil rights under the Age Discrimination in Employment Act of 1967 29 USC 621 et. seq., as amended.

2.      ENGLAND is a citizen of the United States and is a resident of the Northern District of Illinois.

3.      DISTRICT 60 is a public school district located in Waukegan, Illinois which educates students from kindergarten through grade 12. Currently, DISTRICT 60 has twenty five schools including, but not limited to, Waukegan High School.

4.      At all times relevant hereto, DISTRICT 60 was an "employer" within the meaning of the ADEA.

5.      This Court has jurisdiction pursuant to 29 U.S.C. § 1343 and 1331.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 since the complained of conduct occurred in this district.

7.     In or about August, 1979, ENGLAND was hired by DISTRICT 60 as a teacher at Waukegan High School.

8.     Since August, 1979, DISTRICT 60 promoted ENGLAND to various positions.

9.     Since August, 1979, ENGLAND received numerous compliments and favorable performance reviews from her superiors at DISTRICT 60.

10.    At all times relevant hereto, it was the policy of DISTRICT 60 not to discriminate against an employee because of his or her age.

11.    At all times relevant hereto, DISTRICT 60 knew ENGLAND's age.

12.    In July, 2008, Dr. Steven P. Hamlin became the new principal of Waukegan High School.

13.    Notwithstanding DISTRICT 60's policy and its knowledge of ENGLAND's age, commencing with the hiring of Dr. Hamlin, and continuing to present, DISTRICT 60 discriminated against ENGLAND on the basis of her age by, among other things:

a.     Demoting ENGLAND from Associate Principal at Waukegan High School to teacher at H.R. McCall Elementary School;

b.     Precluding ENGLAND for applying for the position of Associate Principal; and

c.     Failing to hire ENGLAND as the Principal at Andrew Cooke Magnet School even though she was more qualified than the person who received the position.

14.    DISTRICT 60 has, therefore, discriminated against ENGLAND because of her age in violation of her rights under the Age Discrimination in Employment Act of 1967 as amended 29 U.S.C. Section 1621, et. seq.

15.    On April 24, 2009, ENGLAND filed her charge of discrimination with the Equal Employment Opportunity Commission.

16.    Pursuant to her requests, on January 15, 2010, the United States Department of Justice issued ENGLAND a right to sue letter. A true and correct copy of her notice of right to sue is attached hereto as part of **Group Exhibit J**.

17.    Less than ninety (90) days have expired since ENGLAND's receipt of the notice of right to sue issued on January 15, 2010.

18.    DISTRICT 60's violation of ENGLAND's rights under the Age Discrimination in Employment Act of 1967 as amended, has caused ENGLAND pecuniary damages.

WHEREFORE, the Plaintiff, SYLVIA ENGLAND requests that this Court enter judgment in his favor and against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 as follows:

i.    Enjoining DISTRICT 60 from engaging in such unlawful employment practices as alleged in this complaint;

ii.    That ENGLAND be made whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by DISTRICT 60;

48

iii. Awarding ENGLAND compensatory and punitive damages in an amount to be determined at trial;

iv. Awarding ENGLAND attorney's fees pursuant to the ADEA and pre-judgment interest; and

v. Awarding ENGLAND such other relief as this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY**.

**COUNT XV**
**VIOLATION OF ENGLAND'S CIVIL RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991**

The Plaintiff, SYLVIA ENGLAND (hereinafter referred to as "ENGLAND"), and for her complaint against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 (hereinafter referred to as "DISTRICT 60"), states:

1.     This action is brought for damages sustained by ENGLAND by reason of DISTRICT 60's violation of her civil rights under Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2.     ENGLAND is a citizen of the United States and is a resident of the Northern District of Illinois.

3.     ENGLAND has been employed by DISTRICT 60 since August, 1979.

3.    ENGLAND has been employed by DISTRICT 60 since August, 1979.

4.    DISTRICT 60 is a public school district located in Waukegan, Illinois which educates students from kindergarten through grade 12. Currently, DISTRICT 60 has twenty five schools including, but not limited to, Waukegan High School.

5.    At all times relevant hereto, DISTRICT 60 was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

6.    This Court has jurisdiction pursuant to 42 U.S.C § 2000 (e)-5(f)(1) and pursuant to 28 U.S.C. § 1343 and 1331.

7.    Venue is appropriate in this Court pursuant to 42 U.S.C. § 2000 (e)-5(f)(3).

8.    In or about August, 1979, ENGLAND was hired by DISTRICT 60 as a teacher at Waukegan High School.

9.    Since August, 1979, DISTRICT 60 promoted ENGLAND to various positions.

10.   Since August, 1979, ENGLAND received numerous compliments and favorable performance reviews from her superiors at DISTRICT 60.

11. Commencing July, 2008, ENGLAND was denied promotion to various positions, including Associate Principal and Principal, on the basis of her race (African American), sex (female) and age.

12. By virtue of DISTRICT 60's discrimination, on April 24, 2009, ENGLAND filed a charge of discrimination with the Equal Employment Opportunity Commission. A true and correct copy of this charge is attached hereto as **Exhibit K**.

13. At all times relevant hereto, it was the policy of DISTRICT 60 not to discriminate against an employee on the basis of his or her race, sex or age and not to retaliate against an employee because he or she filed a charge of discrimination with the Equal Employment Opportunity Commission.

14. Notwithstanding DISTRICT 60's policy, commencing in or about June, 2008, DISTRICT 60 retaliated against ENGLAND for filing her charge of discrimination by, among other things:

a. Demoting ENGLAND from Associate Principal at Waukegan High School to teacher at H.R. McCall Elementary School;

b. Precluding ENGLAND for applying for the position of Associate Principal; and

c. Failing to hire ENGLAND as the Principal at Andrew Cooke Magnet School even though she was more qualified than the Caucasian who received the position.

15. DISTRICT 60 has, therefore, violated § 704(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e-3)(a) by discriminating against ENGLAND because she opposed various practices which constituted unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964.

16. DISTRICT 60's above-mentioned conduct was undertaken with conscious or reckless indifference to ENGLAND's rights under § 704(a) of Title VII of the Civil Rights Act of 1964.

17. On April 24, 2009, pursuant to 42 U.S.C. § 2000 (e)-5 and the regulations issued thereunder, ENGLAND filed a complaint of employment discrimination with the Equal Employment Opportunity Commission.

18. On January 15, 2010, the United States Department of Justice issued ENGLAND a Notice of Right to Sue. A true and correct copy of this notice is attached hereto as **Exhibit J.**

19. Less than ninety (90) days have expired since ENGLAND's receipt of the notice of right to sue issued January 15, 2010.

20. DISTRICT 60's violations of ENGLAND's civil rights have caused her pecuniary damages.

WHEREFORE, the Plaintiff, SYLVIA ENGLAND, requests that this Court enter judgment in her favor and against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60, as follows:

i. Enjoining DISTRICT 60 from engaging in such unlawful employment practices as alleged in this complaint;

ii. That ENGLAND be made whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by DISTRICT 60;

iii. Awarding ENGLAND compensatory and punitive damages in an amount to be determined at trial;

iv. Awarding ENGLAND attorney's fees pursuant to 42 U.S.C. § 2000(e)-5(k) and pre-judgment interest; and

v. Awarding ENGLAND such other relief as this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

<u>**COUNT XVI**</u>
<u>**BREACH OF CONTRACT**</u>

The Plaintiff, SYLVIA ENGLAND (hereinafter referred to as "ENGLAND"), and for her complaint against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 (hereinafter referred to as "DISTRICT 60"), states:

1.   This Court has supplemental jurisdiction over this cause of action pursuant to 28 USC Section 1367.

2.-6.   Plaintiff repeats, realleges and incorporates by reference Paragraphs 2, 3, 7, 8 and 9 of Count XV as Paragraphs 2 through 6 of Count XVI.

7.   Pursuant to ENGLAND's contract with DISTRICT 60, she was entitled to a salary, twenty vacation days and twenty-four sick days per year which accumulated if they were not used during a given year. and reimbursement of expenses made on behalf of DISTRICT 60.

8.     On August 11, 2008, ENGLAND that she was being demoted from her position as Associate Principal at Waukegan High School to teacher at H.R. McCall Elementary School. As of that time, ENGLAND had accumulated 260.5 sick days with DISTRICT 60.

9.     Notwithstanding its obligations under the employment agreement with ENGLAND, DISTRICT 60 breached that agreement by failing to pay her for seventeen (17) vacation days for 2007-2008, seventeen (17) sick days for 2008-2009, five (5) vacation days for 2008-2009 and unreimbursed expenses for 2007-2008 in the amount of $579.00.

10.     On March 18, 2010 ENGLAND sent a letter in which she requested payment of $15,680.21 to Donaldo Batiste, Superintendent of Waukegan Public Schools District 60. A true and correct copy of this letter is attached hereto as **Exhibit L.**

11.     ENGLAND sent this letter to Superintendent Batista more than three (3) days before she initiated suit against DISTRICT 60.

12.     Prior to DISTRICT 60's inexplicable breach of this agreement, ENGLAND fulfilled all of her obligations and responsibilities under the employment agreement with DISTRICT 60.

13.     As a direct and proximate result of DISTRICT 60's breach of ENGLAND's employment agreement, ENGLAND has been damaged in an amount of at least $15,680.21.

14. Notwithstanding ENGLAND's demands therefore, DISTRICT 60 has refused and continues to refuse to pay ENGLAND the appropriate monies that are due her.

15. DISTRICT 60's failure to pay ENGLAND these monies was wilful since it clearly knew its obligations under the employment contract with ENGLAND and it consciously disregarded those obligations in refusing to pay her vacation days, sick days and unreimbursed expenses.

WHEREFORE, the Plaintiff, SYLVIA ENGLAND, requests that this Court enter judgment in her favor and against the Defendant, WAUKEGAN PUBLIC SCHOOL DISTRICT 60 in the amount of at least $15,680.21 plus costs, prejudgment interest, attorney's fees and whatever further relief this Court may deem appropriate.

**THE PLAINTIFF DEMANDS TRIAL BY JURY**.

Respectfully submitted,

Joel I. Handler # 1115812
55 W. Wacker Drive, Suite 950
Chicago, Illinois 60601
(312) 621-0008

Attorney for the Plaintiffs,
JAMES ASKEW, ANTHONY ARTLEY,
SYLVIA ENGLAND, TIMOTHY GAUSE,
GWENDOLYN KENNEDY,
ALPHONSO ROGERS, WILMA TALLY
and DEWAYNE WILLIAMS,